IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | :  Crim. No. 1:22-CR-0050 |
| | : |
| v. | : |
| | : |
| NOAH LEE CRADDOCK | :  Judge Jennifer P. Wilson |

**MEMORANDUM**

Defendant Noah Lee Craddock ("Craddock") is charged in a one-count indictment with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Before the court is a motion to withdraw Craddock's guilty plea arguing that *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) "directly changes the applicable law controlling" this case. (Doc. 50.) For the reasons stated herein, the court will deny the motion to withdraw guilty plea.

BACKGROUND

Craddock was charged by indictment on February 9, 2022, with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) He had an initial appearance on March 28, 2022, and was released on conditions pending trial. (Doc. 13.) On January 3, 2023, Craddock entered a guilty plea pursuant to a plea agreement to Count 1, and was detained pending sentencing. (Docs. 35, 38, 40.) Prior to sentencing, on June 29, 2023,

1

Craddock filed the instant motion to withdraw his guilty plea and a brief in support thereof. (Docs. 50, 51.) The same day, Craddock filed a motion to dismiss the indictment. (Doc. 52.) Both motions have been fully briefed by the parties. (Docs. 53, 56, 57, 58.) Thus, they are ripe for review.

On December 4, 2023, Craddock filed a motion for release from custody. (Doc. 63.) Following a hearing, Craddock's motion was granted, and he was released on conditions on December 17, 2023. (Docs. 65, 66.) On January 5, 2024, the court stayed the motion to withdraw guilty plea and motion to dismiss indictment pending the Third Circuit's review of this court's decisions in *United States v. Quailes*, 688 F. Supp. 3d 184 (M.D. Pa. 2023), and *United States v. Harper*, 689 F. Supp. 3d 16 (M.D. Pa. 2023). (Doc. 68.)

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 11(d) dictates when a defendant may withdraw his guilty plea. This may occur before the court accepts the plea, or after the court accepts the plea but before sentence is imposed if "the court rejects the plea agreement under 11(c)(5)," or "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d). In considering whether to allow withdrawal of a guilty plea, the court must consider: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the

withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citations omitted). The defendant bears a "substantial burden" in asking the court to withdraw his plea. *United States v. Agarwal*, 24 F.4th 886, 890 (3d Cir. 2022) (quoting *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011)).

## DISCUSSION

Craddock argues that *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) ("*Range II*"), "directly changes the applicable law controlling" this case. (Doc. 50, p. 3.) Craddock asserts his innocence, which he submits is supported by *Range II*, and is the reason for his "contradictory position from his Change of Plea hearing." (Doc. 51, pp. 3–4.) He further argues that he has a strong reason to withdraw his guilty plea as he "did not have adequate resources available at the time of his Plea Agreement to make an intelligent decision on courses of action available to him." (*Id.* at 4.) Because *Range II* was decided approximately five months after Craddock pleaded guilty, Craddock argues that he was not able to make a reasonably informed decision on all courses of action available to him. (*Id.* at 5.) Lastly, Craddock submits that the burden now shifts to the Government to show that withdrawal of his guilt plea would prejudice its case.

In opposition, the Government asserts that Craddock "does not present a sufficient claim of actual innocence, and his reason for withdrawing his plea is not strong." (Doc. 56, p. 3.) The Government submits that Craddock's argument that

3

this prosecution violates the Second Amendment pursuant to *Range II* is without merit, thus, there is no legitimate basis for which Craddock can withdraw his guilty plea. (*Id.*) Further, because Craddock cannot prove the first two factors, the Government need not address the prejudice factor. (*Id.* at 3–4.)

Craddock's motion rests solely on his ability to show "a fair and just reason" for the withdrawal because the court has not rejected his plea agreement. *See* Fed. R. Crim. P. 11(d)(2). Therefore, the court must consider the three key factors outlined by the Third Circuit.

Here, the first and second factor are intertwined. Craddock asserts that he is innocent because the Third Circuit found that Section 922(g)(1) violates the Second Amendment as applied to Bryan Range based on the holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Craddock claims that this holding directly changes the applicable law as applied to his case. However, this argument fails for two reasons.

First, *Range II* was vacated. On July 2, 2024, the Supreme Court granted a petition for writ of certiorari for *Range II*, vacated the judgment, and remanded *Range II* for further consideration based on the Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *Garland v. Range*, 144 S. Ct. 2706, 2707 (2024). On December 23, 2024, the Third Circuit issued another *en banc* opinion in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) ("*Range III*"), again finding that

4

Section 922(g)(1) violates the Second Amendment as applied to Range based on the application of the holdings in *Bruen* and *Rahimi*. Thus, *Range II* is no longer good law.

Second, in *Range II*, the Third Circuit stated: "Our decision today is a narrow one. Bryan Range challenged the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to him given his violation of 62 Pa. Stat. Ann. § 481(a)." Therefore, the holding in *Range II* did not "directly change[] the applicable law controlling Mr. Craddock's case." (*See* Doc. 50, p. 3.) Because Craddock has not met the first two factors, the court need not consider the prejudice to the Government.

## CONCLUSION

Accordingly, the court finds that Craddock has not met his burden of establishing a fair and just reason to withdraw his guilty plea. For the reasons stated herein, the motion to withdraw guilty plea, Doc. 50, will be denied. Furthermore, the motion to dismiss indictment, Doc. 52, will be denied as moot. An appropriate order will issue.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: April 11, 2025